# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CR. N0. 06-263 |
| DEREK MCCLELLAN, ) | |
| Defendant. ) | |

## OPINION & ORDER

Presently before the Court are Defendant's two motions to withdraw his guilty plea, one filed pro se by the Defendant (Doc. 103), and one filed by his counsel (Doc. 104).

In his pro se motion, Mr. McClellan asserts a conflict of interest because he had previously filed a motion to disqualify his counsel, which the Court denied. He further argues that his counsel did not try to reserve his appellate rights under 28 U.S.C. § 2255 in his plea agreement, did not ask for a pre-Presentence Report, did not communicate a counter-offer, and gave Mr. McClellan erroneous advice to induce Mr. McClellan to accept the plea agreement, which advice biased him at the plea proceeding. Finally, Mr. McClellan asserts that his counsel did not argue the issue of the weight of the drugs.

In his Petition to Withdraw plea, filed by his counsel, Mr. McClellan argues that permitting him to withdraw his plea would be fair and just because he did not contemplate that he would be subject to an eight year period of supervised release, as indicated in the Presentence Report.

Mr. McClellan was charged in a three-count indictment with Conspiracy to Distribute and Possess With Intent to Distribute 500 grams or more of Cocaine, in violation of 21 U.S.C. § 846 (Count I); Possession With Intent to Distribute 500 grams or more of Cocaine, in violation of 21 U.S.C. § 81(a)(1) and 841(b)(1)(B)(ii); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1).

Mr. McClellan was arrested and made his initial appearance on August 3, 2006. Following a Detention hearing on August 7, 2006, Mr. McClellan was ordered detained and he has remained detained throughout this action. Mr. McClellan retained Ralph Karsh, Esquire, to represent in this matter. Even though he had retained counsel, Mr. McClellan filed several documents with the Court, which in part purported to be directions to Mr. Karsh to follow Mr. McClellan's instructions. Eventually, Mr. Karsh filed pretrial motions on behalf of Mr. McClellan as follows:

1. Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and promises to Government Witnesses with Citation of Authorities;

2. Motion Prohibit Production of Jencks Material in the Presence of a Jury;

3. Motion for Disclosure of Impeaching Evidence;

4. Motion Retain and Provide Rough Notes;

5. Motion for Notice by the Prosecution of the Intention to use Evidence that may be subject to Suppression;

6. Motion Requesting Notice Pursuant to Rule 404, 405, 406, 407 and 408 of the Federal Rules of Evidence;

7. Motion for Notice of Government's Intention to Use "Similar or Related Act Evidence";

8. Motion Requesting Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence..

All of these motions were filed by December 19, 2006. In addition, Mr. Karsh was planning on filing a Motion to Suppress after he had received all necessary evidence from the government.

On February 27, 2007, Mr. Karsh filed a Motion to Withdraw as Attorney, explaining that the attorney-client relationship had irretrievably broken down because, among other things, Mr. McClellan had accused Mr. Karsh of conspiring with the government and had filed a complaint against Mr. Karsh with the Disciplinary Board of the Supreme Court of Pennsylvania. The Court granted the motion, and Stephen Begler, Esquire, was appointed as Mr. McClellan's counsel.

Mr. Begler filed a Motion to Suppress, which included a motion to suppress evidence obtained as a result of electronic surveillance and a motion to suppress evidence seized pursuant to a search warrant. A suppression hearing was held on June 6, 2007, at which testimony and evidence were taken. The Court denied the motions to suppress, and a trial date was set. Before trial, the Court granted counsels' motion to appoint an expert to re-weigh the drug evidence in this case. The parties also filed proposed jury instructions, voir dire, and points for charge. Eventually, trial was set to begin on October 15, 2007.

On the day of trial, Mr. McClellan agreed to enter a plea of guilty as to Counts one and three of the indictment. A plea colloquy was conducted and the Court accepted Mr. McClellan's guilty plea.

"Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001) (citing United States v. Martinez, 785 F.2d 111 (3d Cir. 1986). Federal Rule of Criminal Procedure 11(d)(2)(B) states in part:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:
> . . .
>> **(2)** After the court accepts the plea, but before it imposes sentence if:
>> . . .
>>> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

The court must examine three factors when evaluating a motion to withdraw a plea of guilty: "(1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced

3

by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." Brown, 250 F.3d at 815.(citing United States v. Huff, 873 F.2d 709, 711(3d Cir. 1989). "'A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.'" Brown, 250 F.3d at 815 (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992), *superseded by statute on other grounds as stated in* United States v. Roberson, 194 F.3d 408, 417 (3d Cir. 1999)).

We see no reason to permit Mr. McClellan to withdraw his plea. Mr. McClellan does not assert his innocence, the government would be prejudiced by a withdrawal of the plea, and Mr. McClellan's reasons for wanting to withdraw his plea are weak.

During the plea colloquy Mr. McClellan was determined to be competent to plead. (Transcript of Plea Hearing, October 15, 2007, at 5.) The Court explained to him what his rights would be if he went to trial. (Id. at 6-8.) Both Counts One and Three of the Indictment were read to Mr. McClellan, as well as what the government would have to prove at trial with respect to each charge. (Id. at 9-12.) As to Count One, we explained in detail what the government would have to prove to establish a conspiracy. (Id. at 14-15.)

We also explained the penalties Mr. McClellan would be subject to, in particular we noted that because of the government's filing of a notice pursuant to 21 U.S.C. § 851 indicating the present offense is a second narcotics conviction, that the statutory penalties calls for a term of not lass than 10 years to a maximum of life, a fine not to exceed $4 million, and a term of supervised release of at least eight years. (Id. at 12-14.) When we asked Mr. McClellan if he understood the penalties, and he responded by asking, "Minimum is going to be 10 years." (Id. at 13.) The Court responded by stating, "It says it's got to be at least 10 years. I'm willing to make it 10 years. You understand?" (Id.) Mr. McClellan stated, "I understand." (Id.) In addition, the

terms of the Plea agreement that Mr. McClellan signed clearly stated that the government and Mr. McClellan agree that he was subject to a "term of supervised release of eight (8) years." (Plea Agreement, Gov. Ex. 1, at C.1.(c)).

The terms of the plea agreement were explained to Mr. McClellan. (Id. at 17-20.) In response, Mr. McClellan's only comment was a question regarding the government's filing of a notice pursuant to 21 U.S.C. § 851, asking "is that going to double the 10-year sentence . . . ." (Id. at 21.) His counsel explained that as far as any doubling went, the 851 notice doubled the minium 5 years' imprisonment required by statute, to a minimum of 10 years' imprisonment, to which Mr. McClellan stated "I understand." (Id. at 21.) In particular, it was explained to Mr. McClellan that the Plea Agreement he was entering into included the right to appeal the denials of his suppression motions, the waiver of the right to file a motion to vacate sentence under 28 U.S.C. § 2255, and an agreement that the amount of cocaine in this case was at least 500 grams and less than two kilograms. (Id. at 17-19.)

The government also set forth in detail what it expected to prove had it went to trial that day. (Id. at 21-28.) The Court asked Mr. McClellan if it "was a fair statement of what happened here," and Mr. McClellan stated, "Yes." (Id. at 28.)

Based on the above discussion, we find that Mr. McClellan has failed to present a fair and just reason to permit him to withdraw his guilty plea. Specifically, we find that Mr. McClellan's reasons for wanting to withdraw his plea have no strength. Mr. McClellan had every opportunity during the plea colloquy to indicate to the Court any disagreement or misunderstanding he had with the terms of the plea agreement.

We also find that the government would be prejudiced if we allowed Mr. McClellan to withdraw his guilty plea. The government was prepared to begin jury selection on October 15, 2007, and begin its case-in-chief by calling its witnesses. To allow Mr. McClellan to withdraw

his plea now would unfairly require the government to again prepare for jury selection and trial, and then undergo the expense and difficulty of a trial for a defendant who has already acknowledged his guilt by pleading guilty. Brown, 250 F.3d at 815

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 19th day of February 2008, the Defendant's Motions to Withdraw Guilty Plea (Doc. 103 & 104) be and hereby are DENIED.

Maurice B. Cohill, Jr.
United States District Court Judge

cm/ecf: counsel of record